UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Michael Scott Pinkans,
Plaintiff,

v.

Matthew B. Hale, individually and in his capacity as counsel for Capital Formation Counselors, Inc. ("CFC"),
Defendant.

Case No.: 8:25-cv-2711-WFJ-LSG

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Michael Scott Pinkans ("Plaintiff" or "Pinkans"), appearing pro se, brings this Complaint for Declaratory and Injunctive Relief against Defendant, Matthew B. Hale ("Defendant"), individually and in his capacity as counsel for Capital Formation Counselors, Inc. ("CFC"). Plaintiff alleges that Defendant knowingly pursued state-court litigation and permitted or facilitated testimony and filings that disregarded mandated FINRA arbitration, federal supremacy principles, and the protections of federal bankruptcy law. Plaintiff seeks declaratory and injunctive relief to protect federally created rights, to prevent further interference with federal jurisdiction, and to preserve remedies against Defendant personally.

1



## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., the Supremacy Clause (U.S. Const. art. VI), the All Writs Act, 28 U.S.C. § 1651, and related federal statutes governing bankruptcy and securities regulation.

2. Venue is proper in this District under 28 U.S.C. § 1391 because the acts complained of occurred in Pinellas County, Florida, within the Middle District of Florida.

3. Plaintiff does not seek review, reversal, or modification of any judgment entered by the Circuit Court of Pinellas County, Florida. This action is limited to declaratory and injunctive relief concerning Defendant's independent conduct in knowingly disregarding federal law, including the FAA and mandatory FINRA arbitration requirements, and in interfering with the administration of the federal bankruptcy estate.

## II. PARTIES

4. Plaintiff is an individual and a debtor currently under the protection of the United States Bankruptcy Court, Middle District of Florida, Case No. 8:25-bk-00697-RCT.

5. Defendant Matthew B. Hale is an attorney licensed to practice law in Florida who represented Capital Formation Counselors, Inc. (CFC) and related interests in litigation against Plaintiff in state court. Defendant is sued individually and in his capacity as counsel for CFC.

## III. FACTUAL ALLEGATIONS

6. In 2021 and 2022, CFC initiated actions in the Circuit Court of Pinellas County, Florida, against Plaintiff concerning alleged rights to certain transaction-based securities commissions.

7. At the time these actions were filed, the relevant claims were subject to mandatory FINRA arbitration because the 100% owner of CFC at the time and Pinkans were registered representatives and had agreements or statuses that placed disputes within FINRA jurisdiction (see FINRA Rule 13200).

8. Despite the clear reach of FINRA arbitration, Defendant initiated, prosecuted, and maintained claims in state court to avoid arbitration, reframing claims and pursuing equitable remedies inconsistent with federal securities regulation and the FAA.

8A. On or about September 13, 2024 (Filing #206882465 and refiled on November 7, 2024 as filing #210464858), Plaintiff filed in the Circuit Court for Pinellas County a Motion to Compel Mandatory FINRA Arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and FINRA Rule 13200. Defendant Hale, despite being fully aware of the binding federal nature of arbitration under the Act and the Supremacy Clause, remained silent, failed to file any response or opposition, and allowed the court to ignore federal law. Defendant's silence and inaction, particularly as a licensed attorney admitted to practice before the United States District Court for the Middle District of Florida, demonstrate knowing disregard for controlling federal authority and a deliberate deprivation of Plaintiff's constitutional and statutory rights to federal arbitration.

9. Defendant knowingly pursued state-court strategies that had the effect of avoiding FINRA arbitration, including (a) reframing claims to avoid arbitration language, and (b) allowing or failing to correct testimony that diminished the securities-regulatory character of the dispute.

10. On April 23, 2024, Plaintiff deposed Susan E. Roberts (the 100% owner of CFC at the time the 2021 and 2022 complaints against Pinkans were filed). Defendant was present at that deposition. During the deposition, Mrs. Roberts testified under oath to the following admissions, among others:

a. Roberts's sworn testimony confirms she knew FINRA/SEC rules governed these matters and that unregistered entities could not lawfully receive securities commissions, as shown by the following admissions:

1. **Registered reps must follow SEC/FINRA rules**

    p. 37:1–2 — Q: "we have to follow SEC and FINRA rules?" A: "**Yes, I do.**"

2. **SEC guidance: unregistered entities cannot receive commission income** (she acknowledges seeing it)

    p. 37:5–7, 19 — Q reads: *"The law does not permit unregistered entities to receive commission income on behalf of a registered representative. Do you see that?"*

    A: "**Yes.**" (re: seeing the statement)

3. **CFC could not receive securities commissions**

    p. 47:1–4 — Q: "could CFC ever receive securities commissions?"
    A: "**No.**"

4

4. **CFC was unlicensed/unregistered**

   p. **109:3–5** — Q: "CFC was an unlicensed, unregistered entity; is that true?"

   A: "**That is correct.**"

5. **Familiar with FINRA Rule 2040**

   p. **110:3–5** — Q: "Are you familiar with FINRA Rule 2040?"

   A: "**Yes.**"

6. **Acorn Granite was the entity receiving the money / only Acorn could receive anything from Pinkans' commissions**

   p. **131:1–7** — Q/A confirms funds went to **Acorn Granite** (not directly to CFC).

   p. **131:22–25** — Q: "...*only Acorn Granite could receive anything from Mr. Pinkans's securities commission?*"

   A: "**That's correct.**"

7. **Unlicensed/unregistered recipient context tied to Rule 2040** (discussion on the record)

   p. **51:1–4** — "*controlled by an unlicensed, unregistered person received $2.8 million.*" A: "**I read that, yes.**"

   p. **51:19–21** — Q references **FINRA 2040** as "payment of securities commissions to an unlicensed, unregistered entity."

11. Defendant was aware of Mrs. Roberts's status, the applicability of FINRA rules, and the implications of her admissions because he was present at the deposition and participated in the underlying litigation. Despite that knowledge, Defendant continued to

5

press state-court litigation and related filings that conflicted with federally protected arbitration rights and federal securities law.

12. Defendant's actions also interfered with the administration of Plaintiff's federal bankruptcy estate and risked facilitating the concealment or dissipation of assets through continued state-court enforcement efforts.

13. By proceeding as he did, Defendant effectively attempted to recharacterize federally protected funds and to subject the same to state equitable remedies, in direct conflict with federal law and regulatory standards.

## IV. CLAIMS FOR RELIEF

**Count I – Violation of the Federal Arbitration Act and Supremacy Clause**

14. Plaintiff realleges and incorporates paragraphs 1–13 above.

15. The Federal Arbitration Act embodies a strong federal policy favoring arbitration and requires enforcement of arbitration agreements and arbitration-related rules where applicable. See *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985); *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220 (1987).

16. Defendant knowingly pursued or permitted state-court litigation and filings that circumvented mandatory FINRA arbitration and federal securities regulation, thereby depriving Plaintiff of his federally protected arbitration rights.

16A. The Supreme Court has repeatedly held that the Federal Arbitration Act requires both state and federal courts to enforce arbitration agreements and to stay judicial

proceedings referable to arbitration. See *Southland Corp. v. Keating*, 465 U.S. 1, 10–16 (1984) ("In enacting §2 of the FAA, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for claims the parties agreed to arbitrate."); *Preston v. Ferrer*, 552 U.S. 346, 353 (2008). Defendant's deliberate failure to acknowledge or respond to Plaintiff's motion to compel arbitration, while allowing state-court proceedings to continue, directly violated these principles and deprived Plaintiff of his federally guaranteed right to arbitration.

17. Defendant's conduct is contrary to the Supremacy Clause and federal law and warrants declaratory and injunctive relief to prevent further interference with those rights.

**Count II – Attorney Misconduct and Interference with Federal Jurisdiction (Supremacy Clause / All Writs Act / Inherent Authority)**

18. Plaintiff realleges and incorporates paragraphs 1–17 above.

19. Defendant, as an officer of the court and an active participant in state and federal litigation surrounding the same operative facts, knowingly engaged in conduct that interfered with federal jurisdiction and the administration of federal law.

20. The Court possesses inherent authority to regulate attorney conduct and to protect the integrity of its processes. See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

21. The All Writs Act, 28 U.S.C. § 1651(a), authorizes the Court to issue orders necessary or appropriate in aid of its jurisdiction. The Court may use that authority to enjoin actions that frustrate federal jurisdiction or impair federally protected rights. Defendant's willful silence in the face of a pending federal arbitration motion constitutes bad faith and intentional interference with the administration of justice, conduct that the

Court may sanction under its inherent authority. See Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991).

22. Defendant's conduct also implicates the automatic stay and federal bankruptcy protections (11 U.S.C. § 362), requiring the Court to act to preserve the Debtor's estate and prevent circumvention of federal bankruptcy law.

23. Accordingly, Defendant's ongoing litigation conduct constitutes attorney misconduct and ongoing interference with federal jurisdiction, warranting injunctive relief and other appropriate equitable remedies.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

A. A declaratory judgment that Defendant's continued pursuit of state-court litigation and related filings with respect to claims subject to FINRA arbitration violates the Federal Arbitration Act and is preempted by federal law under the Supremacy Clause;

B. A permanent injunction enjoining Defendant from further prosecuting or prosecuting on behalf of CFC any claims in state court that are subject to mandatory FINRA arbitration or that conflict with federal bankruptcy protections;

C. An injunction preventing Defendant from taking any actions aimed at seizing, attaching, or otherwise diverting funds or assets that are the subject of federal securities regulation or that are property of the federal bankruptcy estate;

D. An order awarding Plaintiff his costs and reasonable attorneys' fees to the extent authorized by law;

E. Any other relief the Court deems just and proper.


Dated: October 6, 2025
/s/ Michael Scott Pinkans
Michael Scott Pinkans, Pro Se
50 Coe Road, #123
Belleair, Florida 33756
Email: mspflpvt@gmail.com
Cell: 802-272-6390